**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RICHARD G. KIRK,

Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_______________________________/

No. 2:13-cv-2342-CMK

MEMORANDUM OPINION AND ORDER

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 11) and defendant's cross-motion for summary judgment (Doc. 16). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment or remand and deny the Commissioner's cross-motion for summary judgment.

/ / /

/ / /

## I. PROCEDURAL HISTORY[1]

Plaintiff applied for social security benefits with a filing date of March 31, 2010, alleging an onset of disability on June 10, 2008, due to inflammatory bowel syndrome, back pain, and depression (Certified administrative record ("CAR") 65-66, 74, 168-69). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff requested an administrative hearing, which was held on July 9, 2012, before Administrative Law Judge ("ALJ") Jean R. Kerins. In an August 6, 2012, decision, the ALJ concluded that plaintiff is not disabled[2] based on the following

---

[1] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here. The facts related to plaintiff's impairments and medical history will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential

findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since June 10, 2008, the alleged onset date (20 CFR 404.1571 *et seq*).

3. The claimant had the following severe impairments: depression, anxiety, status post remote wrist fusion, obstructive sleep apnea, obesity, and degenerative disc disease of the lumbar spine with sciatica (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift and carry 10 pounds frequently and 20 pounds occasionally, can sit, stand and walk for six hours in an eight-hour day, must alternate sitting and standing every hour for two to five minutes, can frequently handle with the right upper extremity, can frequently climb ramps and stairs, and balance, can occasionally stoop, kneel, crouch and crawl, cannot climb ladders, ropes or scaffolds, can understand, remember and carry out simple instructions, make judgments on simple work related decisions, can interact appropriately with supervisors and occasionally with coworkers and the public, can respond appropriately to the usual work situations and adapt to changes in routine work setting.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born August 18, 1970 and was 37 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

---

evaluation process proceeds to step five. Id.

      10 Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 10, 2008, through the date of this decision (20 CFR 404.1520(g)).

(CAR 21-31). After the Appeals Council declined review on September 13, 2013, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III.  DISCUSSION

Plaintiff argues the ALJ erred in several ways: (1) the ALJ failed to consider all of plaintiff's impairments; (2) plaintiff meets or equals the listing requirements; (3) the ALJ erred in the treatment of the medical opinions; and (4) the hypothetic given to the vocational expert was incomplete.

### A.    SEVERE IMPAIRMENTS

Plaintiff claims the ALJ erred in not finding his irritable bowel syndrome, GERD, and right shoulder injury severe impairments.  Plaintiff argues these impairments should have been found to be severe, and included in the analysis.  Specifically, he argues that the failure to find IBS severe might have been harmless error, but for the ALJ's failure to consider IBS at any further step.  Similarly, plaintiff contends that while the GERD may not have been disabling on its own, it too should have been considered at the later steps, as should have the shoulder injury.

In order to be entitled to benefits, the plaintiff must have an impairment severe enough to significantly limit the physical or mental ability to do basic work activities.  See 20 C.F.R. §§ 404.1520(c), 416.920(c).[3]  In determining whether a claimant's alleged impairment is sufficiently severe to limit the ability to work, the Commissioner must consider the combined effect of all impairments on the ability to function, without regard to whether each impairment alone would be sufficiently severe.  See Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996); see also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923.  An impairment, or combination of impairments, can only be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.  See Social Security Ruling ("SSR") 85-28; see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.

---

[3]    Basic work activities include: (1) walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  See 20 C.F.R. §§ 404.1521, 416.921.

1988) (adopting SSR 85-28). The plaintiff has the burden of establishing the severity of the impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. See 20 C.F.R. §§ 404.1508, 416.908. The plaintiff's own statement of symptoms alone is insufficient. See id.

In this case, the ALJ found *inter alia*, plaintiff's hemorrhoid and irritable bowel syndrome to be non-severe. As related to these two impairments, at the step two analysis, the ALJ specifically found:

> Treatment records show that the claimant was diagnosed with internal and external hemorrhoids and irritable bowel syndrome (Ex. 3F/13). Although the claimant continues to seek treatment for this impairment, the treatment has been conservative in nature. For example, medical records show that the claimant attends follow-up visits every few months in which he and his physician go over his complaints (Ex. 2F; 3F). In fact, physican's notes characterize this claimant's IBS as "stable" with dietary changes (Ex. 3F/13).
>
> The medical record does not show any increase in medication and/or subjective complaints. Moreover, there is no significant evidence of any additional treatment since 2010. Thus, the undersigned finds these impairments to be nonsevere.

(CAR 24).

In addition, at step four, in determining the plaintiff's RFC, the ALJ determined that plaintiff's:

> allegations of severely limiting irritable bowel syndrome, are not supported by the medical records. During the hearing the claimant testified that he requires restroom breaks of fifteen minutes or longer at least four times during an eight-hour shift (Testimony). However, medical records do not support the claimant's allegations. Specifically, treatment records show that the claimant reported that after an initial restroom break in the morning, he did not require additional breaks for the rest of the day (Ex. 3F/39).

(CAR 28).

As defendant argues, plaintiff bears the burden to show the conditions are severe as supported by medical evidence. There is little evidence of treatment for GERD and the medical records show this is condition to be stable without drug therapy. (CAR 447). Similarly, there is little evidence of any shoulder injury, and plaintiff fails to identify any specific evidence

other than plaintiff's testimony. As stated above, plaintiff's testimony is simply insufficient to establish this condition as a severe impairment.

As to plaintiff's IBS, the decision not to include this condition as a severe impairment is supported by substantial evidence. As the ALJ stated, the medical records show that plaintiff is seen every few months for this condition, but is generally considered stable. There are notes of flare-ups, which plaintiff has to deal with occasionally, but from the records it appears that when he is compliant with his diet and exercise this condition stabilizes. (CAR 388-90, 420-26, 522). The record shows that in April 2008, plaintiff was experiencing some difficulties with his bowel movements, which Dr. Lee, plaintiff's treating gastroenterologist, stated was "Irritable bowel syndrome with alternating constipation, diarrhea and fecal urgency." (CAR 413-14). Dr. Lee initiated therapy with Docusate sodium to maintain acceptable stool consistency. By July 2008, plaintiff had significant improvement with the stool softeners. (CAR 406). In September 2008, plaintiff's condition had been regulated to two bowel movements per day, with the goal of reducing frequency to just one per day. (CAR 397). In January 2009, Dr. Lee specifically found "Irritable bowel syndrome with bowel movements now better regulated with increase exercise regimen and adjustment of docusate." (CAR 390). In September 2009, plaintiff was having difficulty with hard stools and cleaning. His medication was modified, and was to return in three months. (CAR 373). It does not appear that there was any further follow up thereafter, until August 2012. However, in September 2011, plaintiff reported to Dr. Shain, his treating psychiatrist, that his irritable bowel syndrome was stable, controlled with diet. (CAR 522). This medical history provides substantial evidence to support the ALJ's determination that plaintiff's IBS was non-severe. Even if the ALJ erred in finding this condition to be non-severe, such an error would be harmless, contrary to plaintiff's argument, because as set forth above the ALJ did consider plaintiff's IBS during the analysis as to plaintiff's RFC.

/ / /

/ / /

**B. MEDICAL OPINIONS**

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any

conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751; see also Bray v. Commissioner, 554 F.3d 1219, 1228 (9th Cir. 2009) (reiterating that an ALJ need not accept the opinion of a physican if the opinion is inadequately supported by clinical findings).

Here, the ALJ discussed both the treating and non-treating medical opinions in the record.  Specifically, the ALJ stated:

> State agency reviewing physicians, M. Acinas, M.D., and C. Eskander, M.D. opined that the claimant could lift and carry 10 pounds frequently and 20 pounds occasionally, could sit, stand and walk for six hours in an eight-hour day; could frequently climb ramps and stairs, and could not climb ladders, ropes and scaffolds, could frequently balance, could occasionally stoop, kneel, crouch and crawl, could frequently handle with the right upper extremity (Ex. 4F; 5F).  The opinions of Drs. Acinas and Eskander are persuasive because they are consistent with treatment records documenting the claimant's complaints and the generally benign physical examination findings (Ex. 1F-3F).  Thus, their opinions are given substantial weight.
>
> State agency reviewing psychiatrist, H. Amando, M.D. and state agency reviewing psychologist, Janine Foster-Valdez, opined that the claimant would not be precluded from unskilled work activity in a low-stress setting away from the general public (Ex. 5F; 6F; 7F; 9F; 10F).  The opinions of Drs. Amando and Foster-Valdez are persuasive because they are consistent with mental health records showing that the claimant was oriented to the three spheres, vocalized no suicidal and/or homicidal ideation and exhibited rational and cohesive thought content (Ex. 3F).  Thus, their opinions are given substantial weight.
>
> In June 2008, treating psychiatrist, Tin Z. Shain, M.D. submitted a letter and opined that the claimant was unable to obtain or maintain employment due to his serious disabilities and that as a result, the Veterans Administration had determined that the claimant was one hundred percent permanently disabled (Ex. 1F/2).  Generally, 20 C.F.R. 404.1527(d) and 416.927(d) indicate that treating source opinions are to be afforded controlling weight.  However, these regulations also state that in some instances, such opinions may be given little weight if not well supported.
>
> In this case, Dr. Shain's opinion rendered approximately four years ago and thus cannot be considered an adequate or current estimation of the claimant's current functional capabilities, which

> obviously renders it less persuasive. Additionally, Dr. Shain's opinion is not corroborated by the mental health records which only medication management and no significant psychotherapy or other mental health treatment (Ex. 1F-3F). Finally, the undersigned is not bound to honor a finding of total disability by the Veterans Administration as disability is a conclusion reserved to the Commissioner. Thus, Dr. Shain's opinion is given little weight.

(CAR 27-28).

Plaintiff argues the reasons for rejecting Dr. Shain's opinion are insufficient. Here, the ALJ rejected Dr. Shain's opinion because it was outdated, not corroborated by the mental health records, and made the disability determination reserved for the Commissioner. Certainly, to the extent Dr. Shain opined plaintiff to be completely and permanently disabled, the ALJ properly rejected that conclusion as reserved for the Commissioner. However, the ALJ did not really address Dr. Shain's opinion as to plaintiff's mental health abilities. She simply concluded Dr. Shain's opinion is not well supported. While that may in fact be true, without any analysis as to what the medical records showed, the ALJ failed in her analysis of the medical opinions.

The undersigned may agree that there is limited support for Dr. Shain's determination as to plaintiff's very limited abilities, but the court is limited to reviewing the reasons actually given by the ALJ, not those the court can determine on its own. At a minimum the ALJ was required to set forth a detailed and thorough summary of the facts and clinical evidence, and stating her interpretation of the evidence. At step two, the ALJ stated that plaintiff's mental health allegations are supported, at least in part, by the medical records. Indeed, she even states that the "[m]edical records reveal that the claimant presented to care with complaints of loss of interest in pleasurable activities, appetite disturbance, sleep disturbance, decreased energy, feeling of guilt and worthlessness and difficulty concentrating and/or focusing (Ex. 1F)." (CAR 23). She then determined the medical records do not support Dr. Shain's opinion without resolving the apparent inconsistency or explaining how the medical records fail to support that opinion. In addition, the ALJ solely rejected Dr. Shain's 2008 opinion as out

dated, without addressing the continuing treatment or the April 2010 opinion. The later assessment, dated August 7, 2012, does not appear to have been before the ALJ so is not included in her analysis. However, it was submitted to the Appeals Counsel, who did not specifically address it. Thus, it appears the Appeals Counsel found it did not materially alter the ALJ's decision.

The ALJ's conclusory assertion that "Dr. Shain's opinion is not corroborated by the mental health records treatment notes" constitutes the same kind of non-specific boilerplate language rejected by the Ninth Circuit as insufficient in Embrey v. Bowen, 849 F.2d 418, 421–22 (9th Cir.1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."). While possibly true, the ALJ simply fails to support her conclusory statement and address how the records fail to support Dr. Shain's rather restrictive findings of plaintiff's abilities.

**C. LISTING REQUIREMENTS**

Plaintiff also argues that the ALJ failed to find his condition met or equaled section 12.04 of the Listing of Impairments at 20 C.F.R. Pt. 404, App. 1.

Generally, claimants have the initial burden of proving their symptoms rise to the severity set forth in the listings. See Burch v. Barnhart, 40 F.3d 676, 683 (9th Cir. 2005). Once the claimant presents evidence in an effort to establish equivalence, the ALJ must compare the claimant's impairments to the listing criteria. See id.

The Social Security Regulations "Listing of Impairments" is comprised of impairments to fifteen categories of body systems that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all

the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985).

Listing 12.04, which governs affective disorders, statest:

> Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. . . . The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> A. Medically documented persistence, either continuous or intermittent, of one of the following:
>
> 1. Depressive syndrome characterized by at least four of the following:
>
> a. Anhedonia or pervasive loss of interest in almost all activities; or
> b. Appetite disturbance with change in weight; or
> c. Sleep disturbance; or
> d. Psychomotor agitation or retardation; or
> e. Decreased energy; or
> f. Feelings of guilt or worthlessness; or
> g. Difficulty concentrating or thinking; or
> h. Thoughts of suicide; or
> i. Hallucinations, delusions, or paranoid thinking;
> ...
>
> AND
>
> B. Resulting in at least two of the following:
>
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each or extended duration;
>
> OR
>
> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, an done of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 CFR, Part 404, Subpart P, Appendix 1.

The ALJ evaluated plaintiff under both B and C criteria and found he failed to meet the listing. Plaintiff argues that if the ALJ had adopted Dr. Shain's opinion, he would have met or equaled the listing requirement. However, even if Dr. Shain's opinion is credited, Dr. Shain found plaintiff had moderate restrictions, not marked. (CAR 254). The ALJ analyzed plaintiff's activities of daily living and maintaining social functioning, and found no to moderate restrictions based the Function Report plaintiff submitted. The ALJ also found no records documenting any extended episodes of decompensaiton. While Dr. Shain's April 26, 2010, assessment indicates plaintiff has suffered one to two episodes of decompensaiton, there does not appear to be any record of those episodes in the treatment notes. Even if there is medical documentation to support that limitation, one or two does not specifically meet the listing requirement. To the extent plaintiff argues he equaled the listing requirements once his IBS is taken into account, as addressed above, the undersigned finds no error in the ALJ's treatment of his IBS. Therefore, it follows that there is no error in her treatment of IBS as equaling the listing requirements.

**D. VOCATIONAL EXPERT**

Finally, plaintiff contends that the ALJ erred in his questions to the vocational expert, based on the limitations the ALJ rejected, specifically his mental health limitations. Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value. See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991). While the ALJ may pose to the expert a range of hypothetical questions based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole. See Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

Here, as the undersigned finds the ALJ erred in failing to support her rejection of plaintiff's treating physician's opinion, it is unnecessary to address this argument in full. If, on remand, the Commissioner again finds Dr. Shain's opinion to be unsupported by the record and discredits the limitations set forth by Dr. Shain, none of those limitations are necessarily to be included in the RFC. The questions propounded to the vocational expert need only be based on the limitations supported by the record and properly included in plaintiff's RFC. To the extent plaintiff argues that the ALJ failed to include all of his limitations as set forth in the RFC (based on Dr. Ahmad's findings), the undersigned finds this argument is unpersuasive. The moderate limitations Dr. Ahmad found are adequately represented by the ALJ's RFC, which formed the basis of the hypothetical posed to the Vocational Expert.

## IV. CONCLUSION

Based on the foregoing, the undersigned finds that the ALJ committed reversible error for her failure to adequately support her decision to discount plaintiff's treating physican's opinion. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 11) be granted;

2. Defendant's cross-motion for summary judgment (Doc. 16) be denied;

3. This matter be remanded for further proceedings consistent with this order; and

4. The Clerk of the Court be directed to enter judgment and close this file.

DATED: September 21, 2015

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE